UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARK JEROME JOHNSON BLOUNT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>MERRICK GARLAND, Attorney General )<br>of the United States, in his OFFICIAL and )<br>INDIVIDUAL capacities; THE BUREAU )<br>OF ALCOHOL, TOBACCO, FIREARMS )<br>AND EXPLOSIVES, an agency of the )<br>United States of America; and BERNARD )<br>G. HANSEN, Special Agent in Charge of )<br>the Bureau of Alcohol, Tobacco, Firearms )<br>and Explosives, Kansas City Field Division, )<br>in his OFFICIAL and INDIVIDUAL )<br>capacities, )<br>)<br>Defendants. ) | Case No. 6:23-cv-03106-MDH |

**DEFENDANTS UNITED STATES OF AMERICA, THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, MERRICK GARLAND IN HIS OFFICIAL CAPACITY AND BERNARD G. HANSEN IN HIS OFFICIAL CAPACITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE OF PROCESS UPON DEFENDANT GARLAND IN HIS INDIVIDUAL CAPACITY BY MAIL**

On June 26, 2023, Plaintiff filed a motion seeking an order from this Court to permit Plaintiff to serve process upon individual capacity defendant Merrick Garland by registered mail pursuant to Mo. Rev. Stat. § 506.160(2). Mot., ECF No. 6. On July 11, 2023, this Court deferred ruling on Plaintiff's motion and ordered the defendants to address the same. ECF No. 8. Plaintiff's

motion for service by mail upon Merrick Garland and Bernard Hansen[1] in their respective individual capacities should be denied as futile.[2]

Plaintiff's Complaint seeks from this Court a declaratory judgment that the National Firearms Act, the Gun Control Act of 1968, and the Firearms Owners' Protection Act of 1986 are unconstitutional in that said acts regulate and prohibit Plaintiff from keeping machine guns. Further, Plaintiff seeks an order from this Court to enjoin the defendants from enforcing these allegedly unconstitutional acts as they relate to Plaintiff and his desire to keep machineguns.

Plaintiff's claims for equitable relief sought in his Complaint are spread throughout 189 pages and 491 numbered paragraphs; and yet, there are absolutely no specific factual allegations anywhere in his Complaint that identifies who did what to whom, a vital and necessary element to state a plausible individual capacity claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (In a case involving "a number of government actors sued in their individual capacities[,]… it is particularly important… that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations….") (emphasis in original).

Here, Plaintiff has failed to allege any personal involvement by Merrick Garland—or Bernard Hansen for that matter—in any of the alleged claims that bear upon the declaratory and injunctive relief sought. Indeed, Merrick Garland and Bernard Hansen, in their respective

---

[1] Although Plaintiff's motion pertains solely to service upon Merrick Garland in his individual capacity, Plaintiff has also sued and failed to properly serve Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent in Charge Bernard G. Hansen in his individual capacity. Thus, the arguments set forth in this response are equally applicable to Plaintiff's lack of proper service of process on Bernard Hansen in his individual capacity.

[2] As neither Merrick Garland nor Bernard Hansen have been served in their respective individual capacities, the undersigned has not been authorized to represent either defendant in their individual capacity. As such, the undersigned files this motion on behalf of the United States of America, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Merrick Garland—in his official capacity as Attorney General of the United States—and Bernard G. Hansen—in his official capacity as Special Agent in Charge of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Kansas City Field Division—("federal defendants") only.

individual capacities, are identified only handful of times, and each time in reference to a purported constitutional tort that has not occurred and has not been pled. *See* Compl. ¶¶ 239, 249, 250.

Moreover, to the extent that Plaintiff seeks to enjoin enforcement of the subject firearms statutes as they relate to him, any such prospective enforcement can be accomplished only by those acting officially for the Department of Justice and the ATF. *See BEG Invs., LLC v. Alberti*, 34 F. Supp. 3d 68, 80 (D.D.C. 2014) ("Courts have concluded that 'there is no basis for suing a government official for declaratory and injunctive relief in his or her individual or personal capacity.'" (quoting *Hatfill v. Gonzales*, 519 F.Supp.2d 13, 19 (D.D.C.2007))); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989); *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005). Merrick Garland and Bernard Hansen in their individual capacities are powerless to alter the interpretation and implementation of the subject firearms statutes and the ATF policies respecting the enforcement thereof.

Finally, this Court's personal jurisdiction over the individual capacity defendants is unnecessary for the proper disposition of Plaintiff's claims. As stated in the federal defendants' contemporaneously filed dispositive motion, Mot., ECF. No. 9, Suggestions in Supp., ECF No. 10, Plaintiff lacks standing to pursue his claims, and the Second Amendment does not grant him the right to own a machinegun. Plaintiff's motion for service by mail upon the individual capacity defendants should be denied as futile.

3

Respectfully submitted,

Teresa A. Moore
United States Attorney

By:     */s/ Wyatt R. Nelson*
Wyatt R. Nelson
Assistant United States Attorney
Missouri Bar No. 72944
901 St. Louis Street, Suite 500
Springfield, MO 65806
Telephone: (417) 831-4406
Facsimile: (417) 831-0078
ATTORNEY FOR DEFENDANTS
UNITED STATES OF AMERICA,
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,
MERRICK GARLAND, in his official capacity,
*and* BERNARD G. HANSEN, in his official
capacity
Wyatt.Nelson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August 2023, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification and/or via first class mail to the address indicated below.

Mark Jerome Johnson Blount
664 N. Montego St.
Nixa, MO 65714

*/s/ Wyatt R. Nelson*

Wyatt R. Nelson
Assistant United States Attorney