**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MARK JEROME JOHNSON BLOUNT, | ( | |
| | ( | |
| Plaintiff, | ( | |
| | ( | |
| v. | ( | |
| | ( | |
| THE UNITED STATES OF AMERICA; | ( | CIVIL ACTION NO: 6:23-CV-3106-MDH |
| MERRICK GARLAND, Attorney General of | ( | |
| the United States, in his OFFICIAL and | ( | |
| INDIVIDUAL capacities; THE BUREAU OF | ( | |
| ALCOHOL, TOBACCO, FIREARMS AND | ( | |
| EXPLOSIVES, an agency of the United States | ( | |
| of America; and BERNARD G. HANSEN, | ( | |
| Special Agent in Charge of the Bureau of | ( | |
| Alcohol, Tobacco, Firearms and Explosives, | ( | |
| Kansas City Field Division, in his OFFICIAL | ( | |
| and INDIVIDUAL capacities, | ( | |
| | ( | |
| Defendants. | ( | |

<u>MOTION FOR LEAVE TO FILE OVER-LIMIT BRIEF IN OPPOSITION TO
GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR
EXPEDITED DECISION ON THE MOTION</u>

COMES NOW, Plaintiff, Mark Jerome Johnson Blount, Gentlemen-Esquire, and files

this MOTION FOR LEAVE TO FILE OVER-LIMIT BRIEF IN OPPOSITION TO

GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR

EXPEDITED DECISION ON THE MOTION, showing the Court as follows:

<u>INTRODUCTION</u>

Plaintiff filed his pro se complaint challenging the National Firearms Act, 26 U.S.C. §

5812, *et seq*., the Gun Control Act of 1968, and the Firearms Owners' Protection Act of 1986, 18

U.S.C. § 922, *et seq*., hereinafter, collectively, "National Firearms Acts," insofar as these

provisions prohibit Plaintiff, as a law-abiding citizen member of the Posterity, from keeping

military-grade ordinary military weapons, to wit, machine guns manufactured post-1986 that are in regular use in the United States armed forces.

On August 11, 2023, after requesting two (2) extensions of time to answer or otherwise reply to Plaintiff's complaint, the government defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), challenging Plaintiff's standing to bring this action, under the injury-in-fact requirement of standing doctrine, and Fed. R. Civ. P. 12(b)(6), claiming that Plaintiff failed to state a claim upon which relief can be granted, which is more in line with a motion for summary judgment, the government defendants basing their 12(b)(6) motion on the erroneous argument that Plaintiff's absolute ancestral and constitutional rights do not entail the right to keep military-grade ordinary military weapons.

<u>DISCUSSION</u>

With respect to defendants' 12(b)(1) motion, the defendants attempt to egregiously misrepresent Plaintiff's pleadings, claiming, "Plaintiff's…complaint contains only one factual allegation relevant to his claim,"[1] a blatantly false statement, in order to misconstrue Plaintiff's complaint as being insufficient, as a matter of law, for the purposes of alleging facts showing that Plaintiff has incurred an injury-in-fact.

And, with respect to their 12(b)(6) motion, the government defendants do not cite any historical regulations, case law, or factual evidence to prove that the keeping of military-grade ordinary military weapons is outside the scope of Plaintiff's absolute ancestral and constitutional rights of keeping and bearing arms, even though the ***burden of proof and persuasion rests on said government defendants the entirety of the case to prove, by pointing to historically***

---

[1] Defs.['] Br. in Supp. of Defs.['] Mot. To Dismiss at 2, Blount v. United States et al. (No. 6:23-

"analogous"[2] *regulations, <u>extant at or near the time of the Founding</u>,[3] and <u>widely accepted as lawful</u>,[4] that the presently-challenged provisions of the National Firearms Acts, absolutely prohibiting the Posterity from keeping ordinary military weapons manufactured post-1986, do not act upon conduct falling within the scope of these rights*, but, rather, merely act upon conduct which the Founding Generation would have understood as amounting to an *abuse* of said rights rising to the level of a *nuisance*, and, therefore, conduct falling outside the scope of these absolute rights.

Rather than bearing their burden, the government defendants attempt to misdirect this Court to *modern* case law, which does not correctly espouse the law with respect to the class of protected arms under these absolute ancestral and constitutional rights. However, "the burden falls on respondents [the entirety of the time] to show that [National Firearms Acts' *absolute prohibition* as to the keeping of ordinary military weapons] is consistent with this Nation's

---

[2] <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111, 2131, 213 L. Ed. 2d 387 (2022) (emphasis added).

[3] <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111, 2136, 213 L. Ed. 2d 387 (2022) (emphasis added) ("We categorize these historical sources because, when it comes to interpreting the Constitution, *not all history is created equal. 'Constitutional rights are enshrined with the scope they were understood to have <u>when the people adopted them.</u>'…*The Second Amendment was adopted in *1791*[, and, therefore,] [h]istorical evidence that long predates [that] date may not illuminate the scope of the right…*Similarly, we must also guard against giving post-enactment history more weight than it can rightly bear. It is true* that in <u>Heller</u> we reiterated *that evidence of 'how the Second Amendment was interpreted from <u>immediately after its ratification through the end of the 19th century'</u> represented a <u>'critical tool of constitutional interpretation.'</u>…* But to the extent <u>later history [and case law]</u> contradicts what the text says, <u>the text controls</u>.")

[4] <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111, 2154–55, 213 L. Ed. 2d 387 (2022) ("We have already explained that we will not stake our interpretation of the Second Amendment upon a law in effect in a single State, or a single city, 'that contradicts the overwhelming weight of other evidence regarding the right to keep and bear arms' in public for self-defense. *Heller*, 554 U.S. at 632, 128 S.Ct. 2783; see *supra*, at 2153. Similarly, we will not stake our interpretation on a handful of temporary territorial laws that were enacted nearly a century after the Second Amendment's adoption, governed less than 1% of the American population, and also 'contradic[t] the overwhelming weight' of other, more contemporaneous historical evidence.")

***historical*** tradition of firearm regulation. ***Only if respondents carry that burden*** can they show that the ***pre-existing right*** codified in the Second Amendment…does not protect [Plaintiff's] proposed course of conduct." "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The ***government must*** then ***justify its regulation*** by demonstrating that ***it is consistent with the Nation's historical tradition of firearm regulation***. Only then may a court conclude that the individual's conduct ***falls outside*** the Second Amendment's 'unqualified command.'"[5]

Because defendants have filed the functional equivalent of a motion for summary judgment, which, if granted, disposes of Plaintiff's case, and because the defendants have so egregiously misrepresented the number of factual allegations contained within Plaintiff's complaint, and attempted to shift ***their burden*** to prove that Plaintiff's proposed course of conduct falls outside the scope of his absolute ancestral and constitutional rights, by ***referencing historical regulations and case law from the time of the Founding*** in order to show that the Founding Generation understood the ***mere*** keeping of military-grade ordinary military weapons as amounting to ***abusive*** conduct rising to the level of a ***per se nuisance***, and, thus, as conduct falling outside the scope of these absolute ancestral rights (which was ***not*** the case***, as the Founding Generation correctly understood that the absolute ancestral and constitutional rights of keeping and bearing arms are bound only by nuisance doctrine, and, that the keeping of any types of arms whatsoever, without more, can never amount to a nuisance, and, thus, that these absolute rights entail the right to keep and bear any types of weapons, but most especially ordinary military weapons***), to Plaintiff, Plaintiff requests the leave of this Court to

---

[5] New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2129–30, 213 L. Ed. 2d 387 (2022).

file an over-limit brief in opposition to the defendants' motion and suggestions in support thereof, in the form of a fifty-five (55) page double-spaced brief, as Plaintiff needs an adequate number of pages to detail the factual allegations contained within his complaint which are relevant to this case, so as to show this Court that Plaintiff does in fact have standing under modern-day standing jurisprudence, and to detail the law, at least minutely, as to the class of protected arms under these absolute ancestral and constitutional rights.

Granting Plaintiff's request is not just in the interest of this Court, as a well-briefed reply will enable this court to quickly, efficiently, and correctly rule upon the defendants' motion to dismiss, it is also in the interest of justice to allow Plaintiff to fully rebut the defendants' arguments with a sufficient amount of case law and historical facts, as it would be inequitable to dismiss Plaintiff's complaint without giving Plaintiff an adequate opportunity to explain the law. Further, because Plaintiff so patiently waited for the government defendants to file an initial response to his complaint, Plaintiff requests, in the interest of moving this case along, that this Court expedite its decision as to Plaintiff's present motion.

WHEREFORE, Plaintiff prays that this Court, GRANT Plaintiff's Motion for Leave to File an Over-limit Brief in the form of Plaintiff's fifty-five (55) page, double-spaced, SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS.

Respectfully submitted this 14th day of August, 2023.

/s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*

Mark J.J. Blount, Esq.
664 N Montego St.,

Nixa, MO 65714
[markblountesquire@gmail.com](mailto:markblountesquire@gmail.com)
(478) 232-2167

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing Motion with the Clerk of Court using the CM/EMF system and that I have mailed by United States Postal Service the foregoing to the following:

Defendant Garland, in his individual capacity at:

Attn: Merrick Garland, Att. Gen. U.S.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Defendant Hansen, in his individual capacity at:

ATTN: Agent Hansen
1251 NW Briarcliff Pkwy, Suite 600
Kansas City, MO 64116

/s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

Date: 08/14/2023