IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK JEROME JOHNSON BLOUNT, | ( |
| Plaintiff, | ( |
| v. | ( |
| THE UNITED STATES OF AMERICA; MERRICK GARLAND, Attorney General of the United States, in his OFFICIAL and INDIVIDUAL capacities; THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, an agency of the United States of America; and BERNARD G. HANSEN, Special Agent in Charge of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Kansas City Field Division, in his OFFICIAL and INDIVIDUAL capacities, | ( CIVIL ACTION NO: 6:23-CV-3106-MDH |
| Defendants. | ( |

REPLY SUGGESTIONS TO GOVERNMENT DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY REGISTERED MAIL

COMES NOW, Plaintiff, Mark Jerome Johnson Blount, Gentlemen-Esquire, and files these REPLY SUGGESTIONS TO DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY REGISTERED MAIL, showing the Court as follows:

INTRODUCTION

Plaintiff filed his pro se complaint challenging the National Firearms Act, 26 U.S.C. § 5812, *et seq.*, the Gun Control Act of 1968, and the Firearms Owners' Protection Act of 1986, 18 U.S.C. § 922, *et seq.*, hereinafter, collectively, "National Firearms Acts," insofar as these provisions prohibit Plaintiff, as a law-abiding citizen member of the Posterity, from keeping

military-grade ordinary military weapons, to wit, machine guns manufactured post-1986 that are in regular use in the United States armed forces.

As Plaintiff fully detailed in his "MOTION FOR SERVICE OF PROCESS UPON DEFENDANT GARLAND IN HIS INDIVIDUAL CAPACITY BY MAIL, AND FOR THE COSTS OF SERVICE AND MAKING THIS MOTION," filed with this Court on June 26, 2023, which is incorporated by reference herein, when Plaintiff filed his complaint, he named Defendants Garland and Hansen in both their *official* and *individual* capacities, correctly noting that they are individuals who are *responsible for enforcing the challenged provisions of the National Firearms Acts as to Plaintiff*. Plaintiff sent Defendants Garland and Hansen waiver requests asking that said defendants waive service of process in this case. Plaintiff fully complied with Rule 4(d) of the Federal Rules of Civil Procedure when sending such requests. After waiting much more than thirty (30) days from the date which he mailed the requests, and the expiration of the deadline which Plaintiff included in said requests for return of the waiver forms, Plaintiff attempted to have process served on Defendant Garland, in his *individual capacity*, by a professional process server at the Department of Justice headquarters in Washington, D.C, as Defendant Garland's personal home address is not listed publicly. Because the security personnel at the Department of Justice would not allow Plaintiff's process server to personally serve process on Defendant Garland in his individual capacity, and Defendant Garland failed to waive service of process or otherwise send out an appointed agent to accept service of process on his behalf, on June 26, 2023, Plaintiff filed his motion for service by registered mail, with attached exhibits and the necessary affidavit, requesting that this Court order that the Clerk of Court serve a summons and complaint on Defendant Garland in his individual capacity by mailing the same

to him by registered mail, return receipt requested, and requesting that this Court award Plaintiff the costs of paying for the process server's attempted service of process.

On August 11, 2023, the government defendants filed their suggestions in opposition to Plaintiff's proposed motion, which reads much like a motion to dismiss the Plaintiff's complaint against Defendants Garland and Hansen in their individual capacities. However, Plaintiff's motion was **solely about service of process**. Instead of addressing the legal sufficiency of Plaintiff's request, government defendants attempted to misdirect this Court's attention to the propriety of naming Defendants Garland and Hansen in their individual capacities in this suit.

## DISCUSSION

Plaintiff's motion is solely directed to the issue of this Court ordering that the Clerk of Court serve Defendant Garland, in his individual capacity, with a summons and a copy of Plaintiff's complaint by registered mail, return receipt requested. Defendant's do not contest that, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, "[u]nless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: **(1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located*** or where service is made."[1] They do not contest that Plaintiff complied with R.S.Mo. 506.160(2), which entitles Plaintiff to have the clerk serve Defendant Garland with a summons and a copy of Plaintiff's complaint via registered mail, return receipt requested. *See* R.S.Mo. 506.160(2)(emphasis added) ("[a] party desiring service by mail shall allege and state either in his verified petition or in a separate affidavit any one or more of the same specific grounds for substituted service as set forth in subsection 3, ***or shall state any other***

---

[1] Fed. R. Civ. P. 4 (emphasis added).

***facts showing why personal service cannot be had on the defendant or defendants in this state***. Such petition or affidavit shall be verified by oath of the party or of someone in his behalf, and shall state the address of the party to be served by mail. Upon the filing of such petition or affidavit with the judge or clerk, ***the clerk <u>shall</u> serve a copy*** of the summons and of the petition by registered mail, requesting a return receipt signed by addressee only, addressed to the defendant at the address furnished by plaintiff.") The defendants have not attacked the sufficiency of Plaintiff's affidavit attached as Ex. 2 to his motion for service by mail.

They do not contest that Plaintiff complied with Rule 4(d) of the Federal Rules of Civil Procedure when he sent Defendant Garland the waiver of service of process request, nor do they contest Plaintiff's contention that Defendant Garland ***refused*** to waive service of process without good cause for doing so, and, they do not contest that Plaintiff incurred the additional expense of hiring a process server to attempt personal service upon Defendant Garland. Regardless of whether or not Defendant Garland is subject to the jurisdiction of this Court in his individual capacity, which he is, it is the obligation of every prospective defendant to minimize the cost of a plaintiff having service of process served upon him when he is requested to do so pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. For this reason, the Federal Rules of Civil Procedure provide that if a defendant does not have "good cause" to refuse to waive service of process, and fails "to sign and return a waiver requested by a plaintiff located within the United States, the court ***must*** impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."[2]

---

[2] Fed. R. Civ. P. 4 (emphasis added).

Instead of contesting the sufficiency of Plaintiff's affidavit or exhibits in support of his motion, the government defendants, instead, responded to Plaintiff's motion with suggestions in opposition relating to the propriety of Defendant Garland being named in his individual capacity, which suggestions read like a motion to dismiss, touching upon topics outside the scope of Plaintiff's motion, rather than suggestions in opposition. But, the propriety of Defendant Garland being named as a defendant in his individual capacity in this matter is not the issue that is properly before this Court. The issue is that Plaintiff sent Defendant Garland a waiver of service of process request, which Defendant Garland failed to return to Plaintiff without good cause. Plaintiff then attempted to have process served upon him personally, by hiring a process server to that effect, and Defendant Garland used his governmental position to *avoid* service of process.

So, while defendants attempt to misdirect this Court as to the issues, yet again, by attempting to focus this Court's attention on the propriety of Defendant Garland as a defendant in his individual capacity in this case, the defendants' arguments are not just erroneous, they are outside the scope of Plaintiff's motion, as nothing in the Federal Rules of Civil Procedure, nor in the Missouri Rules of Civil Procedure, requires that a court find that a defendant is a proper defendant in order for the plaintiff to *merely* serve said defendant *with service of process*.

Nor does anything in R.S.Mo. 506.160(2), the statute under which Plaintiff brought his motion, require that this Court find that the Defendant Garland, in his individual capacity, is a proper defendant in this case before ordering the Clerk of Court to serve process upon him by registered mail, return receipt requested. Rather, to the contrary, R.S.Mo. 506.160(2) *requires* that the Clerk "serve a copy of the summons and of the petition by registered mail, requesting a return receipt signed by addressee only, addressed to the defendant at the address furnished by

plaintiff" upon Plaintiff's allegation in a "verified petition or in a separate affidavit any one or more of the same specific grounds for substituted service as set forth in subsection 3."[3]

Here, Plaintiff filed such a motion, with supporting exhibits and the required affidavit. If the defendants believe that they are not properly named as defendants in their *individual capacities*, it is incumbent upon them to make a *motion* to that effect, not to file suggestions in opposition to Plaintiff's motion *relating solely to service by mail* to that effect.

CONCLUSION

Plaintiff's motion and supporting affidavit and exhibits clearly show that Plaintiff is entitled under Missouri law to have Defendant Garland served, in his individual capacity, with a summons and a copy of Plaintiff's complaint by registered mail, return receipt requested.

As it is, Plaintiff will not allow himself to be hamstringed into inadequately addressing, in a reply brief consisting of a *mere ten (10) pages double-spaced,* the proposition that Defendants Garland and Hansen, in their individual capacities, are improper parties to this suit, propounded by the defendants in their suggestions in opposition to Plaintiff's motion *for service by mail*, when, if the defendants properly brought such a motion, *Plaintiff would be entitled to fifteen (15) pages double-spaced to reply to such a motion*. However, if this Court is inclined to take up the issues contained within defendants' suggestions in opposition to Plaintiff's motion, and, thereby, treat the suggestions as a motion to dismiss Plaintiff's complaint as to said defendants in their individual capacities, Plaintiff requests an order allowing Plaintiff to file a fifteen (15) page brief in opposition to defendants' suggestions, since defendants' suggestions in opposition to Plaintiff's motion contain a motion to dismiss within them, which is outside the scope of Plaintiff's initial motion.

---

[3] R.S.Mo. 506.160(2).

Lastly, because Plaintiff properly complied with R.S.Mo. 506.160(2) and R.S.Mo. 506.160(3), in the interest of timely disposition of this case, Plaintiff requests that this Court proceed with ordering that the Clerk of Court serve a summons and a copy of Plaintiff's complaint upon Defendant Garland, in his individual capacity, by registered mail, return receipt requested.

WHEREFORE, Plaintiff prays that this Court:

1. Grant Plaintiff's motion and order that the Clerk of Court serve Defendant Garland with a summons and a copy of Plaintiff's complaint by registered mail, return receipt requested, pursuant to R.S.Mo. 560.160(2);
2. Order the Defendant Garland, in his individual capacity, pay Plaintiff for the cost of the process server who Plaintiff hired to serve Defendant Garland with process in his individual capacity, and pay Plaintiff his reasonable expenses in making this motion; and,
3. Require that the government defendants bring a *separate motion* to dismiss Plaintiff's complaint as to Defendants Garland and Hansen in their *individual capacities*, if said defendants wish for this Court to rule on that matter; or, in the alternative,
4. Order the Plaintiff file a fifteen (15) page brief in opposition to Defendants' suggestions in opposition to Plaintiff's motion for service by mail.

Respectfully submitted this 14th day of August, 2023.

/s/ Mark J. Blount_____
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*

Mark J.J. Blount, Esq.
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2023, I electronically filed the foregoing Reply Suggestions with the Clerk of Court using the CM/EMF system and that I have mailed by United States Postal Service the foregoing to the following:

Defendant Garland, in his individual capacity at:

Attn: Merrick Garland, Att. Gen. U.S.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Defendant Hansen, in his individual capacity at:

ATTN: Agent Hansen
1251 NW Briarcliff Pkwy, Suite 600
Kansas City, MO 64116


/s/ Mark J. Blount
Mark Jerome Johnson Blount, Esquire
Juris Doctor, 2020, Duke University School of Law
Georgia Bar Member Number: 539062
Missouri Bar Member Number: 75092
Tennessee Bar Member Number: 040678
*Pro Se*
664 N Montego St.,
Nixa, MO 65714
markblountesquire@gmail.com
(478) 232-2167

Date: 08/14/2023