IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARK JEROME JOHNSON BLOUNT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:23-cv-03106-MDH |
| UNITED STATES OF AMERICA, MERRICK GARLAND, Attorney General of the United States, in his OFFICIAL and INDIVIDUAL capacities; THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, an agency of the United States of America; and BERNARD G. HANSEN, Special Agent in Charge of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Kansas City Field Division, in his OFFICIAL and INDIVIDUAL capacities, | ) |
| Defendants. | ) |

## DEFENDANTS UNITED STATES OF AMERICA, THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, MERRICK GARLAND IN HIS OFFICIAL CAPACITY AND BERNARD G. HANSEN IN HIS OFFICIAL CAPACITY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM

On August 11, 2023, the federal defendants moved to dismiss pro se Plaintiff Mark Jerome Johnson Blount's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), along with suggestions in support. Mot., ECF No. 9; Suggestions in Supp., ECF No. 10. Plaintiff filed his Suggestions in Opposition on August 15, 2023. Suggestions in Opp'n, ECF No. 15.

Plaintiff's opposition brief fails to overcome the federal defendants' arguments that the Court lacks subject matter jurisdiction and that the Second Amendment does not protect the right

to possess a machinegun. As such, the Court should deny Plaintiff's request for oral argument and dismiss Plaintiff's Complaint.

I.   **Plaintiff does not allege an injury-in-fact, and thus his complaint should be dismissed for lack of subject matter jurisdiction.**

A plaintiff in a pre-enforcement constitutional challenge to a criminal statute may establish an injury-in-fact by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and demonstrating that there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298). Plaintiff argues that he meets this standard because 1) he has alleged an intent to purchase a machinegun or modify a semi-automatic AR-15 to meet the definition of a machinegun, 2) such action is proscribed by 18 U.S.C. § 922(o), and 3) the United States has a history of enforcing § 922(o), such prosecutions are not rare, and the United States has not disavowed enforcement of § 922(o) against Plaintiff should he obtain a machinegun in violation of § 922(o). Suggestions in Opp'n at 9–12, ECF No. 15 (quoting *Susan B. Anthony List*, 573 U.S. at 164, 165). However, Plaintiff merely alleges generally that he plans to purchase a machinegun or convert a firearm to a machinegun, without any indication of when, where, or how he intends to do so. *See* Compl. ¶ 24. Therefore, he has failed to allege a plausible intent to violate § 922(o), and any threat of prosecution is too attenuated to support standing.

Plaintiff has alleged no facts stating when he plans to purchase a machinegun or modify a semi-automatic AR-15 into a machinegun. Likewise, Plaintiff does not indicate how he intends to purchase a machinegun or modify an AR-15. A general intent to engage in conduct at some undefined point in the future is not sufficient to show an actual and imminent injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("'[S]ome day' intentions—without any description of

concrete plans, or indeed even any specification of when the some day will be—do not support a finding of [] 'actual or imminent' injury . . . ."). Plaintiff does not show that he has made any steps towards engaging in conduct that would violate §922(o). It is unclear whether Plaintiff plans to purchase a machinegun or modify an AR-15 this month, this year, or this decade, and Plaintiff's stated desire to violate § 922(o) "at some imprecise point in the indefinite future" is insufficient to allege an intent to violate the law or a credible threat of enforcement. *Kegler v. U.S. Dep't of Just.*, 436 F. Supp. 2d 1204, 1218–19 (D. Wyo. 2006); *see also DeWilde v. United States*, No. 1:23-cv-00003-SWS, 2023 WL 4884582 at *3–5 (D. Wyo. July 17, 2023).

Plaintiff also argues that he has standing because the exercise of his Second Amendment rights have been "chilled." Suggestions in Opp'n at 12–13. Plaintiff appears to define a "chill" as merely the self-modification of any behavior in order to comply with a statute. *Id.* However, "the chilling effect of a regulation" is only sufficient to confer standing in the First Amendment context. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011) ("[P]laintiff needs only to establish that he would like to engage in arguably protected speech, but that he is chilled from doing so by the existence of the statute. Self-censorship can itself constitute injury in fact."); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 417–18 (2013) (regarding a First Amendment claim); *Zanders v. Swanson*, 573 F.3d 591, 593 (8th Cir. 2009) (same); *Henderson v. Sch. Dist. of Springfield R-12*, No. 6:21-CV-03219-MDH, 2023 WL 170594, at *5 (W.D. Mo. Jan. 12, 2023) (same). Plaintiff points to no cases indicating that mere self-modification of any behavior is sufficient to confer standing outside of the free-speech context. As such, Plaintiff's Complaint should be dismissed for lack of standing.

## II. Machinegun ownership is not protected by the Second Amendment.

Plaintiff has likewise failed to show that the Second Amendment protects one's ability to possess a machinegun. Plaintiff appears to argue that *Bruen* overruled *Heller*'s holding that the

3

Second Amendment right to keep and bear arms only extends to weapons in common use. Suggestions in Opp'n at 19, ECF No. 15 ("*Heller*'s 'common use' restriction must be understood as being overruled by the Supreme Court's subsequent holding in *Bruen*."). This is incorrect. The *Bruen* Court made clear that it clarified and applied, rather than overruled, its holding in *Heller*. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2131 (2022) ("The test that we set forth in *Heller* and apply today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding."); *see also Bruen*, 142 S. Ct. at 2134 (noting that no party disputed "that handguns are weapons 'in common use' today for self-defense."); *Bruen* 142 S. Ct. at 2156 ("The Second Amendment guaranteed to 'all Americans' the right to bear *commonly used* arms in public subject to certain reasonable, well-defined restrictions." (citing *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)) (emphasis added). As stated in the federal defendants' Suggestions in Support, machineguns are not in common use. Suggestions in Supp. at 10–13. They are dangerous and unusual weapons, and possession thereof is therefore not protected by the Second Amendment. *Id.*

## Conclusion

For the foregoing reason, the federal defendants respectfully request Plaintiff's Complaint be dismissed.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By: */s/ Wyatt R. Nelson*
Wyatt R. Nelson
Assistant United States Attorney
Missouri Bar No. 72944
901 St. Louis Street, Suite 500
Springfield, MO 65806
Telephone: (417) 831-4406
Facsimile: (417) 831-0078
ATTORNEY FOR DEFENDANTS
UNITED STATES OF AMERICA,
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,
MERRICK GARLAND, in his official capacity,
*and* BERNARD G. HANSEN, in his official
capacity
Wyatt.Nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August 2023, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification and/or via first class mail to the address indicated below.

Mark Jerome Johnson Blount
664 N. Montego St.
Nixa, MO 65714

*/s/ Wyatt R. Nelson*

Wyatt R. Nelson
Assistant United States Attorney